CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 24 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JESSE TRUJILLO, ) | |
|     Plaintiff, ) | Civil Action No. 7:07cv00142 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE JOHNSON, et al., ) | By: Hon. Jackson L. Kiser |
|     Defendants. ) | Senior United States District Judge |

On June 7, 2004, in the United States District Court for the District of New Mexico, plaintiff, an inmate at Red Onion State Prison in Pound, Virginia, filed a pro se civil rights action pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. By Memorandum Opinion and Order entered March 16, 2007, the district court in New Mexico transferred plaintiff's claims against Virginia defendants to this court. That Court considered, inter alia, "whether the instant action against the non-resident [Virginia] defendants was filed in good faith," and observed that it "appears possible that Plaintiff's complaint in this Court is a second attempt to litigate claims against the Virginia defendants and Plaintiff 'either realized or should have realized that the [New Mexico] forum . . . was improper.'" (Citation omitted.) Although the Court considered it likely that plaintiff's complaint was filed in bad faith and that this court could "expeditiously" dismiss the complaint, the Court nonetheless severed plaintiff's claims against the Virginia defendants and transferred it to this court.

The Prison Litigation Reform Act states that a federal court shall dismiss an action filed in forma pauperis at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from someone who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Congress has noted that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing

frivolous, malicious or repetitive lawsuits." Johnson v. Edlow, 37 F. Supp.2d 775, 776 (E.D. Va. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). Accordingly, courts are charged with dismissing an action proceeding in forma pauperis any time during the course of the litigation when it becomes apparent that the action is frivolous or malicious. Section 1915(e)(2); Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D. Va. 1997). A litigant may be deemed to act maliciously if his motive is to vex and harass the defendants. Johnson, 37 F.Supp.2d at 776. In determining whether an action is malicious, the court must review not only the instant complaint, but also the plaintiff's prior litigious conduct. Id. (citing Cochran v. Morris, 73 F.3d 1310, 1316-17 (4th Cir. 1996)).

Trujillo previously filed a lawsuit in this court raising the same claims against the same defendants as in his current complaint. See Trujillo v. Young, Civil Action No. 7:02cv01083 (June 5, 2003).* In Trujillo's previous case, the court dismissed his claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The district court was affirmed by the United States Court of Appeals for the Fourth Circuit. See Fourth Circuit Docket No. 03-6942 (September 10, 2003). In his present complaint, which plaintiff filed in the United States District Court for the District of New Mexico subsequent to this court's dismissal of Civil Action No. 7:02cv01083, the allegations from which the claims arise and the constitutional bases for the claims are the same as those in Civil Action No. 7:02cv01083. As plaintiff knows from the court's earlier opinion in Civil Action No. 7:02cv01083, which was affirmed by the Court of

---

* Both Civil Action No. 7:02cv01083 and the instant complaint arose from plaintiff's challenge to the results of classification hearings conducted on April 12, 2002, and July 9, 2002, and plaintiff's ensuing grievances and appeals. Additionally, the complaints and amended complaints in both Civil Action No. 7:02cv01083 and the instant case allege that plaintiff was denied institutional job opportunities and access to New Mexico state courts.

2

Appeals, his allegations do not state any constitutional claim; thus, the court concludes that plaintiff initiated the current lawsuit in the United States District Court for the District of New Mexico in bad faith, to harass and inconvenience the defendants. Therefore, the court will dismiss the instant action as malicious, pursuant to § 1915(e)(2).

Furthermore, plaintiff is advised that federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiff is hereby advised that this dismissal constitutes his third "strike" under § 1915(g). Trujillo v. Young, Civil Action No. 7:02cv01083 (June 5, 2003), and Fourth Circuit Docket No. 03-6942 (September 10, 2003) constitute plaintiff's first two strikes.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 24th day of May, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge